14 So.2d 149
## WATTS v. GOVER.
### 7 Div. 739.

Supreme Court of Alabama.
June 10, 1943.

Rutherford Lapsley, of Anniston, for appellant.

Merrill, Woolf & Merrill, of Anniston, for appellee.

BOULDIN, Justice.

The appeal is to review a decree sustaining demurrers to a bill in equity.

The bill seeks the specific performance of an alleged contract whereby complainant purchased from respondent a described lot in the City of Anniston.

Considering the bill in the order of events averred, the bill seems to proceed on the theory that complainant purchased the lot, by parol agreement so far as appears, paid part of the purchase money and was put in possession as purchaser, and so remained for several months down to the filing of the bill. The terms of such purchase, the amount paid, or the balance due, are not disclosed; nor is there averment of a tender of balance due. The bill is obviously defective in this aspect, if intended as such.

By more specific averments the bill relies upon a contract evidenced by correspondence between the respondent owner, a resident of Macon County, and complainant, a resident of Anniston, through his attorney. This correspondence, and averments touching same, appear in Section 2 of the bill, which is set out in the report of the case.

Quite clearly this correspondence does not disclose a meeting of the minds of the parties. The letter of October 1st from respondent definitely demands payment of $500 to him in cash, exclusive of all expenses, etc. The answer of October 5th proposed to pay $475, claiming a part payment of $25. The second letter disclosed an offer to carry out this proposal, demanding payment of $10 by respondent, on promise to pay the $475 when respondent executed a deed and sent it to the Anniston Bank, etc. Respondent is not shown to have made any response to these proposals. It was entirely at his election to execute a deed and send it to the Bank in closing the transaction, even if complainant's final offer was otherwise an acceptance of respondent's offer.

The demurrer was properly sustained.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.